1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
JAMES LYNN HINES,                )
9                                )
            Petitioner,          )
10                               )
            v.                   )   CIV 07-00255 PHX JAT (MEA)
11                               )
JOHN ONTIVEROS and               )   REPORT AND RECOMMENDATION
12 ARIZONA ATTORNEY GENERAL,      )
                                 )
13          Respondents.          )
_____ )
14

15  TO THE HONORABLE JAMES A. TEILBORG:

16          On February 2, 2007, Petitioner filed a *pro se* petition

17  seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254.

18  Petitioner filed an amended petition on June 27, 2007.   See

19  Docket No. 24.  Respondents filed an Answer to Petition for Writ

20  of Habeas Corpus ("Answer") (Docket No. 42) on October 11, 2007.

21  As of December 19, 2007, Petitioner had not filed a reply or

22  traverse to the answer to his petition seeking a writ of habeas

23  corpus, nor has Petitioner filed a motion seeking an extension

24  of the time allowed to file such a pleading.

25          **I Procedural History**

26          On October 18, 2004, Petitioner was charged by a grand

27  jury indictment with one count of aggravated assault.   See

28  Answer, Exh. A.  On December 10, 2004, the State of Arizona

amended the indictment to allege the aggravated assault was dangerous and that Petitioner had two prior felony convictions. Id., Exh. B.

On March 17, 2005, Petitioner's appointed counsel filed a motion to "determine" counsel, notifying the trial court that Petitioner wanted to represent himself during his criminal proceedings. Id., Exh. C. The trial court granted Petitioner's motion to waive his right to counsel and the trial court ordered appointed counsel to serve as Petitioner's advisory counsel. Id., Exh. D. On June 14, 2005, a jury found Petitioner guilty as charged and also found the elements of the offense rendered it a dangerous offense. Id., Exh. E. On July 19, 2005, Petitioner was sentenced to a mitigated term of 6.25 years imprisonment pursuant to his conviction for aggravated assault. Id., Exh. F.

Petitioner filed a timely appeal of his conviction and sentence and counsel was appointed to represent Petitioner. Id., Exh. G. In his direct appeal Petitioner alleged the trial court committed fundamental error by allowing the jury to observe Petitioner in shackles during the guilt phase of his trial. Id., Exh. G. Petitioner asserted that allowing the jury to see him in shackles violated his right to due process of law and a fair trial. Id., Exh. G. Petitioner also maintained his rights to due process of law and a fair trial were violated because the trial court precluded Petitioner from introducing his jail booking photograph as evidence to show the nature and severity of his injuries at the time of his crime, in support of

-2-

his claim of self-defense.  <u>Id.</u>, Exh. G.

The Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a decision issued January 23, 2007. <u>Id.</u>, Exh. H.  The Court of Appeals examined Petitioner's due process shackling claim citing <u>Holbrook v. Flynn</u> and <u>Deck v. Missouri</u>.  <u>Id.</u>, Exh. H.  The Court of Appeals concluded Petitioner was not deprived of his right to a fair trial by his appearance before the jury in shackles because the evidence of his guilt was overwhelming and any error was, accordingly, harmless.  <u>Id.</u>, Exh. H at 6.  Petitioner sought review of this decision by the Arizona Supreme Court, raising the claims stated in his brief to the Court of Appeals and raising three new claims.  <u>Id.</u>, Exh. I.  The Arizona Supreme Court summarily denied review of Petitioner's conviction and sentence in a decision issued May 3, 2007.  <u>Id.</u>, Exh. J.

On August 12, 2005, during the pendency of his direct appeal, Petitioner filed a notice of post-conviction relief and a form petition for post-conviction relief in the Maricopa County Superior Court, pursuant to Rule 32, Arizona Rules of Criminal Procedure.  <u>Id.</u>, Exhs. K & L.  The form petition for post-conviction relief did not brief any specific issues to the state court.  <u>Id.</u>, Exh. L.  With the leave of the state court, Petitioner filed another *pro se* petition for post-conviction relief, briefing the issues he wished to raise, on April 23, 2007.  <u>Id.</u>, Exh. M.

The Superior Court denied the issues raised in the petitions for post-conviction relief in a decision issued August

-3-

1  1, 2007. <u>Id.</u>, Exh. N.  The court stated:

2          Due to his sloppy penmanship, garbled syntax,
           jumbled thought processes, and incomplete
3          sentences, it is extremely difficult to
           understand the precise grounds upon which
4          [Petitioner] believes he's eligible for
           relief. Nevertheless, it seems that he raises
5          six separate and distinct grounds:
           1. Introduction at trial of evidence obtained
6          by unlawful arrest;
           2. Introduction at trial of evidence obtained
7          by illegal search and seizure;
           3. Inadequate evidence to sustain conviction;
8          4. The [] withholding of exculpatory evidence
           by the State;
9          5. Incorrect pre-trial rulings by the court;
           and
10         6. The use by the State at trial of perjured
           testimony.

11

12 <u>Id.</u>, Exh. N.

13         The Maricopa County Superior Court then concluded these

14 claims were precluded as waived because they could have been

15 raised in Petitioner's direct appeal.   <u>Id.</u>, Exh. N.

16 Additionally, the trial court summarily stated Petitioner had

17 failed to raise a colorable claim for post-conviction relief.

18 <u>Id.</u>, Exh. N.  Accordingly, the state trial court dismissed the

19 action for post-conviction relief.   <u>Id.</u>, Exh. N.

20         Petitioner sought review of this decision by the

21 Arizona Court of Appeals.   <u>Id.</u>, Exh. O.  The Arizona Court of

22 Appeals returned the pleading to Petitioner and allowed him 30

23 days to file a compliant petition for review.   <u>Id.</u>, Exh. O.  On

24 August 29, 2007, Petitioner filed a pleading deemed compliant.

25 <u>Id.</u> at O.  The Arizona Court of Appeals ordered the State to

26 respond by September 28, 2007, and ordered the Clerk of the

27 Court to file the record on appeal by October 22, 2007.   <u>Id.</u> at

28                                -4-

O.   Therefore, as of the date this Report and Recommendation is prepared, December 21, 2007, review of the trial court's denial of Petitioner's first action for post-conviction relief is pending in the Arizona Court of Appeals.   <u>See</u> Maricopa County Criminal Court Docket No. CR2004-129044-001.

In his federal habeas petition, filed during the pendency of his state action for post-conviction relief, Petitioner asserts he is entitled to a writ of habeas corpus because:

1. He was convicted by means of evidence obtained in violation of his federal constitutional rights.

2. The trial court improperly suppressed evidence favorable to his defense.

3. The trial court violated his constitutional rights by allowing the jurors to view him in shackles during the guilty phase of his trial.

4. A trial witness committed perjury.

On April 24, 2007, the Court dismissed the second and fourth claims for habeas relief and ordered Respondents to answer the first and third claims for relief stated in the habeas petition.

**II Analysis**

**A.   Petitioner alleges his conviction was obtained by means of illegally obtained evidence.**

Reading his claim broadly, Petitioner, citing to the Federal Tort Claims Act, alleges he was convicted by means of "tainted" evidence which was "fruit of the poisonous tree."

-5-

Respondents assert Petitioner procedurally defaulted this claim for relief in the state courts. Petitioner raised this issue in his action for post-conviction relief. The Arizona Superior Court denied the claim, concluding it was precluded as waived by Petitioner's failure to raise the claim in his direct appeal. The Arizona Court of Appeals has not yet affirmed or rejected this conclusion of the Arizona Superior Court.

A state prisoner must exhaust a federal habeas claim in the state courts before the District Court may grant relief on the merits of the claim. <u>See</u>, <u>e.g.</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). However, regardless of any failure to properly exhaust this claim, the claim can be denied on the merits.[1]

To the extent Petitioner asserts evidence was introduced at his trial which was obtained in violation of his Fourth Amendment rights, he has not stated a cognizable claim for federal habeas relief. A claim that the petitioner's Fourth Amendment rights were violated during his criminal proceedings does not provide a basis for granting federal habeas relief from a state conviction if the petitioner had the opportunity "for full and fair litigation" of the claim in the state courts. <u>Stone v. Powell</u>, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976);

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2007).

<u>Woolery v. Arave</u>, 8 F.3d 1325, 1326-27 (9th Cir. 1993) (concluding that, unless the habeas petitioner makes an affirmative showing that the state denied him a full and fair opportunity to litigate his Fourth Amendment claim, <u>Stone</u> requires dismissal of the claim); <u>Patterson v. Runnels</u>, 288 F. Supp. 2d 1092, 1097-98 (C.D. Cal. 2003). The relevant inquiry is whether the petitioner was afforded the opportunity for a full and fair hearing of his claim in the state court, not whether the petitioner actually presented the claim during his trial or whether the state court reached a correct decision regarding the Fourth Amendment issue if the issue was indeed raised. <u>See Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 899 (9th Cir. 1996); <u>Siripongs v. Calderon</u>, 35 F.3d 1308, 1321 (9th Cir. 1994).

Because Petitioner had a full and fair opportunity to raise a Fourth Amendment issue in the state courts, Petitioner is not entitled to habeas relief on this claim.

**B. Petitioner contends his right to due process was violated because the jury saw him shackled.**

This claim was raised in Petitioner's direct appeal and decided on the merits of the claim.

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court decision was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding.   See 28 U.S.C. § 2254(d) (1994 & Supp. 2007); Mitchell v. Esparza, 540 U.S. 12, 14, 124 S. Ct. 7, 10 (2003).

> A state court's decision is "contrary to" our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

Mitchell, 540 U.S. at 14, 124 S. Ct. at 10 (internal citations and quotations omitted).

The standard of review stated in section 2254 is not the same as the "clear error" standard applied by United States Courts of Appeal when reviewing the decisions of lower courts. See Lockyer v. Andrade, 538 U.S. 63, 70-71, 123 S. Ct. 1166, 1172-73 (2003).  "The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."   Id., 538 U.S. at 75, 123 S. Ct. at 1175.  See also Martinez v. Garcia, 379 F.3d 1034, 1037-38 (9th Cir. 2004); Hall v. Director of Corr., 343 F.3d 976, 986 (9th Cir. 2003) (post-Lockyer opinion recognizing that the Ninth Circuit's previous "unreasonable application" analysis was not sufficiently deferential to state courts); Clark, 331 F.3d at 1068.

United States Supreme Court holdings at the time of the state court's last reasoned decision are the source of "clearly established federal law" for the purpose of federal habeas

-8-

review.  Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000); Barker, 423 F.3d at 1093.  The Court must decide whether the United States Supreme Court has "clearly established" the point of law the petitioner relies upon as a basis for habeas relief by examining the holdings of the Supreme Court, rather than dicta or lower court opinions.  See Lockyer, 538 U.S. at 71, 123 S. Ct. at 1172.  Unless United States Supreme Court precedent has clearly established a rule of law, the writ will not issue based on a claim of violation of that rule.  See Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001).  The lower federal courts are "without the power" to extend the law beyond Supreme Court precedent.  See Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000).

When reviewing a habeas claim, a federal court must afford great deference to the state court's rulings with regard to issues raised in the petitioner's federal habeas action.  See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 359-60 (2002).  Factual findings of a state court are presumed to be correct and can be controverted by a federal court only when it is presented with clear and convincing evidence.  See Miller-El v. Dretke, 545 U.S. 231, 239-40, 125 S. Ct. 2317, 2325 (2005); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006).

With regard to the standard of review to be employed by the Court when examining the opinions of the state appellate courts, the federal Circuit Courts of Appeal have recently explained:

On direct appeal, when faced with a constitutional violation, a court must reverse the judgment of the court below unless the constitutional error is 'harmless beyond a reasonable doubt.' <u>See</u> <u>Chapman v. California</u>, 386 U.S. 18, 24, 87 S. Ct. 824, [] (1967). However, in <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637, 113 S. Ct. 1710, [] (1993), the Supreme Court articulated a 'less onerous' standard for assessing the impact of a state court's constitutional error on collateral review. Under <u>Brecht</u>, a federal court may grant habeas relief on account of constitutional error only if it determines that the constitutional error had a 'substantial and injurious effect or influence in determining the jury's verdict.' <u>See</u> <u>id.</u> at 623, 507 U.S. 619, 113 S. Ct. 1710, (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 776, 66 S. Ct. 1239, [] (1946)). Under this standard, however, the petitioner should prevail whenever the record is 'so evenly balanced that a conscientious judge is in grave doubt as to the harmlessness of the error.' <u>O'Neal v. McAninch</u>, 513 U.S. 432, 436, 115 S. Ct. 992, [] (1995).

<u>Horn v. Quarterman</u>, ___ F.3d ___, 2007 WL 3380185, at 16 n.24 (5th Cir.).

The first line of analysis under AEDPA focuses on the consistency of the state-court decision with existing federal law. A state-court decision is considered "contrary to ... clearly established Federal law" if it is "diametrically different, opposite in character or nature, or mutually opposed." <u>Williams v. Taylor</u>, 529 U.S. 362, 405, 120 S. Ct. 1495, [] (2000) (emphasis and quotation marks omitted). Alternatively, to be found an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not simply erroneous or incorrect. <u>Id.</u> at 409-11, 120 S. Ct. 1495. If a state-court decision meets either of these two "preconditions" for habeas relief--thereby establishing a constitutional error--the reviewing federal court must still determine whether the error is harmless within the meaning of <u>Brecht v. Abrahamson</u>, 507 U.S.

619, 113 S. Ct. 1710, [] (1993). <u>Fry v. Pliler</u>, --- U.S. ----, 127 S. Ct. 2321, 2327-28, [] (2007) (noting that AEDPA "sets forth a precondition to the grant of habeas relief ..., not an entitlement to it," and that "in § 2254 proceedings a [federal] court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in <u>Brecht</u>"). <u>Brecht</u> applies "whether or not the state appellate court recognized the error and reviewed it for harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in <u>Chapman[ v. California]</u>, 386 U.S. 18, 24, 87 S. Ct. 824, [] (1967) ]." <u>Id.</u> at 2328.

<u>Ferensic v. Birkett</u>  501 F.3d 469, 472 (6th Cir. 2007).

In other words, a federal habeas court technically applies <u>Brecht</u> in light of AEDPA, but because the <u>Brecht</u> test is stricter (i.e., tougher on the petitioner) than AEDPA/<u>Chapman</u>, any petitioner that meets the <u>Brecht</u> standard will necessarily meet the AEDPA/<u>Chapman</u> standard. Thus, when conducting harmless-error review, we simply apply the <u>Brecht</u> standard and ask whether [the petitioner] has shown that the error had substantial and injurious effect in determining the jury's verdict.

<u>Wilson v. Mitchell</u>, 498 F.3d 491, 503 (6th Cir. 2007).

The Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a decision issued January 23, 2007. Answer, Exh. H.  The Court of Appeals examined Petitioner's due process shackling claim citing the United States Supreme Court's opinions in <u>Holbrook v. Flynn</u> and <u>Deck v. Missouri</u>.  <u>Id.</u>, Exh. H.  The Court of Appeals' decision was issued prior to the United States Supreme Court's decision in <u>Fry v. Pliler</u>, 127 S. Ct. 2321, issued June 11, 2007.

-11-

The Arizona Court of Appeals reviewed the claim under the fundamental error standard because it was raised for the first time on appeal. <u>See</u> Answer, Exh. G & Exh. H. The Court of Appeals concluded that a shackling error had occurred, but that the error was harmless, stating:

> Upon reviewing the record on appeal, we hold the shackling error that occurred here did not deprive [Petitioner] of a fair trial because the evidence of his guilt was overwhelming and the error was *harmless beyond a reasonable doubt*. The State presented direct testimony from both the victim of [Petitioner's] attack and a witness to the attack each of whom stated [Petitioner] was the aggressor. Furthermore, in his closing argument, [Petitioner] stated, "And not only did I stick him with a screwdriver, the screwdriver went all the way in his neck. It was four inches of metal. It went all the way in his neck one time...." He further stated, "I forfeited and I agree that I provoked him and I felt not angry, I felt vindicated, and I felt indignation because of the problems that I was having before and after." Based on the testimony of the witnesses and on what amounts to an admission of guilt by [Petitioner], [his] shackling -- visible to the jury on the second day of trial -- was not prejudicial.

Answer, Exh. H at 7-8 (emphasis added).

A criminal defendant has a federal constitutional right to be free of visible shackles in the presence of the jury, unless the shackling is justified by an essential state interest. <u>See</u>, <u>e.g.</u>, <u>Ghent v. Woodford</u>, 279 F.3d 1121, 1132 (9th Cir. 2002). In <u>Deck v. Missouri</u>, the Supreme Court stated that shackling during the penalty phase of a capital trial, without a case-specific finding that security needs justified

the shackling,[2] violated the defendant's due process rights
unless the state showed beyond a reasonable doubt that the
shackling did not contribute to the verdict.  See 544 U.S. 622,
632-33, 125 S. Ct. 2007, 2014-15 (2005).[3]  See also Marquard v.
Secretary for Dep't of Corr., 429 F.3d 1278, 1310-11 (11th Cir.
2005).  Because such shackling is inherently prejudicial, the
Supreme Court noted the defendant bore no burden to establish
the shackling was in fact prejudicial in order to establish
their right to due process was violated by the shackling.  Deck,
544 U.S. at 635, 125 S. Ct. at 2015.  The United States Supreme
Court declared in Deck that the states were to review due
process shackling claims pursuant to the standard stated in
Chapman v. California, i.e., the burden was on the state to
establish beyond a reasonable doubt that the shackling error did
not contribute to the guilty verdict.  Id., 544 U.S. at 635, 125
S. Ct. at 2015-16, citing Chapman v. California, 386 U.S. 18,

---

[2] Holbrook v. Flynn, 475 U.S. 560, 569, 106 S. Ct. 1340,
1346 (1986) (holding that shackling of a defendant is inherently
prejudicial).

[3]
Thus, where a court, without adequate
justification, orders the defendant to wear
shackles that will be seen by the jury, the
defendant need not demonstrate actual prejudice
to make out a due process violation.  The State
must prove "beyond a reasonable doubt that the
[shackling] error complained of did not
contribute to the verdict obtained." Chapman v.
California, 386 U.S. 18, 24, 87 S. Ct. 824, []
(1967)...
Deck v. Missouri, 544 U.S. 622, 635, 125 S. Ct. 2007, 2015-16 (2005).

-13-

1  24, 87 S. Ct. 824, 828 (1967).[4]

2          The undersigned concludes Petitioner is not entitled to

3  federal habeas relief on this claim because the state court's

4  decision that Petitioner's right to due process was not violated

5  was not clearly contrary to federal law, i.e., Supreme Court

6  holdings issued before the date of the Arizona Court of Appeals'

7  decision.  See Lakin v. Stine, 431 F.3d 959, 966 (6th Cir. 2005)

8  (applying Deck, stating: "Despite the substantial risk of

9  prejudice that shackles pose, we are compelled to conclude that

10 the error was harmless in this case due to the overwhelming

11 evidence against [the defendant].").

12

13 ──────────────────

      [4]
14       In general, a habeas court will apply the
      harmless error standard of Kotteakos v. United
15    States, 328 U.S. 750, 66 S. Ct. 1239, [] (1946),
      under which constitutional error requires
16    reversal only if the error had a "substantial and
      injurious effect or influence in determining the
17    jury's verdict," id. at 776, 66 S. Ct. 1239. See
      Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.
18    Ct. 1710, [] (1993). Nevertheless, this Circuit
      applies the stricter standard of Chapman v.
19    California, 386 U.S. 18, 87 S. Ct. 824, []
      (1967), in the context of habeas review when a
20    state court has not conducted its own harmless
      error analysis on direct appeal. See Beets v.
21    Iowa Dep't of Corrections Svcs., 164 F.3d 1131,
      1134-35 n.3 (8th Cir.)[]; see also Brecht, 507
22    U.S. at 636-37, 113 S. Ct. 1710 (where direct
      review in state court had already found trial
23    court error to be harmless beyond a reasonable
      doubt under Chapman, federal habeas review
24    properly limited to "less onerous" Kotteakos
      standard). Here, the Missouri Court of Appeals
25    reviewed for plain error and did not conduct any
      express harmless error analysis. Accordingly, we
26    will apply the Chapman standard as set forth
      below...
27 Evans v. Lock, 193 F.3d 1000, 1003 (8th Cir. 1999).

28                              -14-

1    Additionally, the state court's conclusion that

2    Petitioner's right to due process was not violated by the

3    shackling because it was not prejudicial to the verdict of

4    guilt, i.e., it was harmless beyond a reasonable doubt, was not

5    an unreasonable application of federal law. <u>See Sims v. Brown</u>,

6    425 F.3d 560, 571 (9th Cir. 2005); <u>Parrish v. Small</u>, 315 F.3d

7    1131, 1133 (9th Cir. 2003); <u>Ghent</u>, 279 F.3d at 1133. <u>See also</u>

8    <u>Shakoor v. Lewis</u>, 192 Fed. App. 637, 639 (9th Cir. 2006).

9    <u>Compare</u> <u>Comer v. Schriro</u>, 480 F.3d 960, 991 (9th Cir. 2007).[5]

10   The Arizona Court of Appeals' determination was not an

11   unreasonable application federal law because, the undersigned

12   concludes, the shackling error did not have a substantial and

13   injurious effect on the verdict, i.e., the evidence against

14   Petitioner was overwhelming and included his own somewhat

15   gruesome confession to the charge in his closing argument to the

16   jury. <u>See</u> <u>Inthavong v. Lamarque</u>, 420 F.3d 1055, 1061 (9th Cir.

17   2005); <u>see also</u> <u>Hodges v. Attorney General</u>, 506 F.3d 1337, 1343

18   (11th Cir. 2007).[6]

19

20       [5] The undersigned notes that, during his three-day trial,
     Petitioner appeared on two days before the jury in street clothes and
21   on one day in prison clothes, including shackles.

22       [6]
         Under <u>Fry v. Pliler</u>, [], if the state court did
23       not apply the correct harmless error standard, or
         even if it did not recognize that there was
24       error, federal habeas relief is still due to be
         denied if the constitutional error was harmless.
25       [] And harmlessness is to be judged under the
         <u>Brecht v. Abrahamson</u>, [], standard of
26       "substantial and injurious effect," instead of
         under the <u>Chapman v. California</u>, [], "harmless
27       beyond a reasonable doubt" standard. ...

28                                 -15-

Because the Court of Appeals' decision applying harmless error analysis was not contrary to, nor an unreasonable application of, federal law as established by the United States Supreme Court on January 23, 2007, Petitioner is not entitled to habeas relief on this claim.

**III   Conclusion**

The undersigned concludes that the jury's view of Petitioner in shackles did not have a substantial and injurious effect on their guilty verdict because of the overwhelming evidence of Petitioner's guilt. Accordingly, the Arizona Court of Appeals' decision, that Petitioner was not deprived of his right to due process of law because the state had established the shackling error was harmless beyond a reasonable doubt, was not clearly contrary to nor an unreasonable application of federal law. Therefore, pursuant to section 2254, Petitioner is not entitled to federal habeas relief on this claim.

Furthermore, Petitioner's Fourth Amendment claim, i.e., that his conviction was achieved by violating his right to be free of an illegal search and seizure, is not cognizable because Petitioner had a full and fair opportunity to assert this claim in the state courts. Accordingly, the claim may be denied on the merits of the claim.

**IT IS THEREFORE RECOMMENDED** that Mr. Hine's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

-16-

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 21st day of December, 2007.


_____
Mark E. Aspey
United States Magistrate Judge


-17-