**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Lynn Hines, | ) | No. CV 07-255-PHX-JAT |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| J. Ontiveros; et al., | ) | |
| Respondents. | ) | |
| | ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. On December 27, 2007, the Magistrate Judge issued a Report and Recommendation recommending the Petition be denied. On January 7, 2008, Petitioner filed objections to the R&R (Doc. #45).

**Review of Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). In his objections, Petitioner specifically requests "de novo" review; accordingly, the Court will conduct a de novo review. *See* Doc. #45 at 5.

**Review of State Court Decision**

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

**Discussion**

In the R&R, the Magistrate Judge discusses Petitioner's two claims for habeas relief raised in his Petition: 1) a fourth amendment challenge to the evidence used against him (Ground I), and 2) a due process challenge based on the fact that the jury saw the Petitioner in shackles (Ground III). Doc. #43.[2] In his objections, Petitioner does not clearly object to the Magistrate Judge's conclusions on these two grounds. However, he does mention some components of these grounds and goes on to raise the following issues: 1) he claims diminished capacity (Doc. #45 at 2), 2) he claims self-defense (*id.* at 6), and 3) he claims religious oppression (*id.* at 7.). Petitioner has also filed five motions in addition to his objections to the R&R.

**A.    Claims addressed in the R&R**

Having reviewed the R&R de novo, the Court agrees that neither claim raised in the original Petition presents a basis for federal habeas relief.

---

[1] Further, in applying "Federal law" the state courts need to act only in accordance with Supreme Court case law as of the time of the state court's decision. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

[2] The Petition (Doc. #1) contained four grounds. Grounds two and four were dismissed in this Court's order of April 24, 2007. Doc. #6 at 2.

**1.     Fourth Amendment**

First, the Court agrees that a Fourth Amendment claim cannot provide a basis for federal habeas relief when Petitioner had the opportunity for full and fair litigation of the claim in state court. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); R&R at 6-7. In his objections, Petitioner does not specifically object to this conclusion. However, Petitioner states, "And <u>objection</u> to Magistrates Report pg 7, lines 1-17 on 10-26-06 Petitioner was not afforded a 'full and fair' opportunity in state courts, hereby affirmative showing, denies a full and fair opportunity to litigate issue, Direct Appeal Attorney claimed a '<u>conflict of interest,</u>' and furthermore in the pursuit of justice Post Conviction Relief Rule 32 appellate processes denied ...[this sentence continues for 18 more lines]." Doc. #45 at 3-4. This Court agrees with the conclusion of the R&R that nothing in the record suggests that Petitioner was not given a full and fair opportunity to litigate this issue in state court, and, therefore, this claim cannot form the basis of federal habeas relief. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided.").[3]

**2.     Shackles**

Second, the R&R concludes that the state court's decision, that the jury seeing Petitioner in shackles did not violate Petitioner's due process rights, was not an unreasonable application of clearly established federal law as of the date of the Arizona Court of Appeal's decision. Doc. #43 at 16. In his objections, Petitioner states, "...the Court biased the jury in re: to meritorious claim of shackles [in] front of jury in its explanation to the jury on 6-13, pg 11, lines 22 to 25, sic... The Court to the Jury: 'And you saw Mr. Hines last week was

---

[3] The Court notes that the Respondents argue that this claim was procedurally defaulted in the state courts by Petitioner's failure to raise it in his direct appeal. Doc. #43 at 6. However, because the Court can conclude that even if this claim was exhausted in the state court it is not a basis for federal habeas relief, the Court has not decided the procedural default issue. *See* 28 U.S.C. § 2254(b)(2).

- 3 -

1  dressed in his <u>nice shirt and pants</u> and today he has opted to be dressed as defendants who
2  are in custody when they come to Court.'" Doc. #45 at 2-3.

3  Considering this claim de novo, this Court agrees with the R&R that the state Court
4  of Appeals' conclusion, was not contrary to nor an unreasonable application of clearly
5  established federal law, specifically, *Deck v. Missouri*, 544 U.S. 622, 632-35 (2005).[4]
6  Footnote 3 of the R&R quotes *Deck* which requires that the state prove beyond a reasonable
7  doubt that the shackling error did not contribute to the verdict obtained. Doc. #43 at 13, n.3.
8  Applying *Deck*, albeit in the context of fundament error, the Arizona Court of Appeals
9  concluded that the error in allowing Petitioner to be shackled in front of the jury was
10 harmless beyond a reasonable doubt. Doc. #42-2 at 73.[5] Specifically, the Court of Appeals
11 found:

> Upon reviewing the record on appeal, we hold the shackling error that occurred here did not deprive Hines of a fair trial because the evidence of his guilt was overwhelming and the error was harmless beyond a reasonable doubt. The state presented direct testimony from both the victim of Hines' attack and a witness to the attack, each of whom stated Hines was the aggressor. Furthermore, in his closing argument, Hines stated, "And not only did I stick him with a screwdriver, the screwdriver went all the way in his neck one time...." He further stated, "I forfeited and I agree that I provoked him and I felt not angry, I felt vindicated, and I felt indignation because of the problems that I was having before and after." Based on the testimony of the witnesses and on what amounts to an admission of guilt by Hines, Hines' shackling - - visible to the jury on the second day of trial - - was not prejudicial.

---

[4] Because the Supreme Court's decision in *Fry v. Pliler*, 127 S.Ct. 2321 (2007) was issued after the Arizona Court of Appeals' decision, this Court has not analyzed whether the Court of Appeals' decision would have been contrary to or an unreasonable application of *Fry*.

[5] The Court of Appeals reviewed this claim under a fundamental error analysis because Petitioner failed to object to the shackling at trial. Doc. #42-2 at 72. In fact, Petitioner had the option of not being shackled, because the trial court told him if he chose to wear his jail uniform he would be shackled, but if he chose to wear his street clothes he would not be shackled. *Id.* at 3. And Petitioner opted to be shackled. *Id.* Because the Court of Appeals did not review this claim under an invited-error analysis, neither will this Court because this Court defers to the state court. However, these facts – that shackling was at Petitioner's option – further support that the Court of Appeals reviewing this claim under a fundamental error analysis, rather than a harmless error analysis, was not contrary to clearly established federal law.

- 4 -

1  Doc. #42-2 at 73-74.

2        This Court agrees with the conclusion of the R&R that the state court's decision in
3  this regard was not contrary to nor an unreasonable application of federal law. Specifically,
4  the decision is consistent with *Deck* which requires the court to find that the shackling error
5  did not contribute to the verdict obtained beyond a reasonable doubt, which the state court
6  found. *See Deck*, 544 U.S. at 635. Accordingly, habeas relief on this claim will be denied.

7        **B.    Issues raised in the objections**

8        In his objections, Petitioner also raises three additional issues not raised as grounds
9  for relief in his original habeas Petition: 1) diminished capacity, 2) self-defense, and 3)
10 religious oppression. This is the first time in this case these claims have been presented.
11 However, Federal courts are to construe liberally the "inartful" pleadings of pro se litigants.
12 *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Thus, although Petitioner does not
13 specifically state in his objections that he is attempting to amend his habeas petition, the
14 court will "liberally construe" this as an attempt to amend his Petition to add new grounds
15 for relief.

16       Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the
17 rules of procedure applicable to civil actions." Rule 15(a) allows a party to amend his
18 complaint by leave of the court, and such leave "shall be freely given when justice so
19 requires." Fed. R. Civ. P. 15(a). However, the Ninth Circuit has found that a district court
20 was correct in denying leave to amend a habeas petition where allowing the amendments
21 would be futile because the amendments were late, duplicative, or patently frivolous. *Bonin
22 v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Petitioner did not raise these claims in a timely
23 manner, and, as discussed below, the newly added claims are without merit. Accordingly,
24 Petitioner's attempt to add new claims at this late stage of the proceedings will be denied.

25       **1.    Diminished Capacity**

26       In his objections, Petitioner states, "'<u>Diminished Capacity</u>' is a defense and objection
27 preserved in the course of trial by Rule 11." Doc. #45 at 2. This sentence represents
28 Petitioner's entire point on this issue. Nothing in this sentence suggests a basis for federal

1 habeas relief. Accordingly, the Court will not permit this frivolous amendment at this late
2 stage of the proceedings.

### 2. Self defense

4 Although Petitioner did not raise self-defense in his habeas petition, he did raise it in his appeal to the Arizona Court of Appeals in the context of wanting to present his badge photograph to the jury. Doc. #42-2 at 74. Petitioner raises this claim in his objections stating, "...Rights to due process of law and claim of self defense are within Reply by petitioner as adjective for review, de novo appellate review substantively." Doc. #45 at 6. Petitioner also says, "The defense of the state to practice the golden rule on behalf of the alleged victim for a mutual combat disturbance of the peace is no defense that hospitalized appellant for assault wounds as unconscientious for a amnesiac condition." Doc. #45 at 2.

12 To the extent Petitioner is seeking to have this Court review his self defense claim in terms of the state court's preclusion of his badge photograph, this Court finds that the state court's decision on this issue was not contrary to nor an unreasonable application of clearly established federal law. Specifically, the state court found that the evidentiary ruling to preclude the photograph was not error because it was not probative of the claim of self defense because the evidence showed that the injuries reflected in the photograph were sustained after Petitioner attacked the victim. Doc. #42-2. Because the state court's decision was not contrary to federal law, any claim on this theory would not provide a basis for federal habeas relief, and accordingly the Court will not permit a late amendment to assert this futile claim.

22 To the extent Petitioner is seeking to add some other theory of self defense in his objections, such a claim was not exhausted before the state courts and is procedurally defaulted. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). Further Petitioner has failed to show cause and prejudice for his failure to exhaust such claim. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). As a result, the Court will not allow a late amendment to add any alternative theory of self-defense.

### 3. Religious oppression

Finally, in his objections, Petitioner mentions religious oppression as a basis for an injunction to stop prosecution. Doc. #45 at 7. As this Court stated in its April 24, 2007 order,

> Pursuant to 28 U.S.C. § 2254, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982).

Doc. #6 at 2.

Petitioner's comments regarding potential religious oppression do not fall within 28 U.S.C. § 2254(a) and, accordingly, cannot form the basis of habeas relief. Therefore, Petitioner will not be permitted to amend his Petition to add a claim on this frivolous theory.

### C. Other pending motions

In addition to his objections to the R&R, Petitioner has filed a series of motions: 1) motion for extension of response time (Doc. #44); 2) motion for extension of time to explain legalease [*sic*] (Doc. #46); 3) Drambrowski Doctrine Motion (Doc. #48); 4) Request Rule 9 (Doc. #49); 5) Good Cause motion (Doc. #50); and 6) Immigration and Naturalization Services motion (Doc. #51). The Court has reviewed these motions, as well as the supplemental filing Petitioner called a "season holiday" (Doc. #47) and finds that none of these filings change the result of this Order on Petitioner's habeas petition. Accordingly, all pending motions will be denied as moot.[6]

**Conclusion**

Based on the foregoing,

IT IS ORDERED that the R&R (Doc. #43) is accepted and adopted;

IT IS FURTHER ORDERED that the objections (Doc. #45) are overruled;

---

[6] To the extent Doc. #44 was seeking an extension of time to file objections to the R&R, the Court has considered the objections (Doc. #45) as timely filed.

1       IT IS FURTHER ORDERED that all pending motions (Docs. ## 44, 46, 48, 49, 50
2  and 51) are denied as moot; and
3       IT IS FURTHER ORDERED that the Petition is denied and dismissed, with prejudice,
4  and the Clerk of the Court shall enter judgment accordingly.
5       DATED this 23rd day of June, 2008.

                                    _____
                                    James A. Teilborg
                                    United States District Judge